# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

NOV 08 2019

JULIA C. DUDLEY, CLERK
BY: /s/ *signature*
DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>3234 Walkers Creek Road<br>Marion, VA | )<br>)<br>) Case No.  1:19mj159<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Western_____ District of _____Virginia_____ *(identify the person or describe property to be searched and give its location)*: 3234 Walkers Creek Road, Marion, VA - to include the residence, curtilage, garages, outbuildings, campers, person of Heather Poston, and vehicles present. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- [x] evidence of a crime;
- [x] contraband, fruits of crime, or other items illegally possessed;
- [x] property designed for use, intended for use, or used in committing a crime;
- [ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1)__, and the application is based on these facts: See Attachment C
and/or  841(a)(1)

- [x] Continued on the attached sheet.
- [ ] Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/8/19

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



3234 Walkers Creek Road, Marion, VA

ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones and two-way radios; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 3234 Walker's Creek Road, Marion, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 3234 Walkers Creek Road, Marion, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (28) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Heather Poston and information provided to me by other law enforcement officers. Any reference to the gender of any unnamed person within this affidavit does not necessarily reflect the true gender of said person.

5. During 2009, Heather Poston agreed to speak with this affiant in a non-custodial interview. During the interview, Poston admitted that during 2008 and 2009 she obtained ounce and multi-ounce quantities of methamphetamine (from multiple sources of supply) and then sold the methamphetamine to approximately (20) customers in 8-ball (3.5g) and (1) gram quantities. Poston claimed that she used to be addicted to pain pills and was not a methamphetamine user. Poston said that she sold methamphetamine for the money (profit). Poston claimed she stopped selling methamphetamine during 2009 after two of her methamphetamine sources of supply were arrested.

6. During mid-September 2019, an individual (hereafter referred to as "Trafficker A") was arrested on methamphetamine distribution and firearms related offenses after a search warrant was executed within the Western District of Virginia and multiple ounces of suspected methamphetamine and a firearm were seized from Trafficker A.

Distribution paraphernalia (digital scales, small, new/unused Ziploc-type bags etc.) was also discovered under the control of Trafficker A. Trafficker A acknowledged that the multiple ounces of substance that were seized consisted of methamphetamine (law enforcement also performed a chemical field test of some of the suspected methamphetamine with positive results for methamphetamine). Trafficker A admitted obtaining and coordinating the acquisition of half pound quantities of methamphetamine.

7. A search of Trafficker A's cellular telephone by law enforcement (authorized by the aforementioned search warrant) resulted in the discovery of a contact listing for "Heather Poston", a known resident of Smyth County, VA. Poston's current state probation officer has confirmed that the contact listing telephone number for Poston is one of the telephone numbers that the Virginia Department of Probation and Parole has listed as a contact telephone number for Poston.

8. Law enforcement also observed text messages on Trafficker A's phone to and from Heather Poston. The text message exchanges (not all included below) included the following:

August 9, 2019

7:09pm - Heather Poston: "Hey, what time to I need to be ready"

8:02pm - Heather Poston: "When was u gonna b home?? I'm trying to round it up… but I was wondering what time I needed to b ready.."

[This affiant believes that Poston is telling Trafficker A that she is collecting drug money from her customers in order to pay Trafficker A.]

8:03pm - Trafficker A: "Ill be home by 10"

8:03pm - Heather Poston: "Okay cool thanks just hollar at me.."

10:40pm - Heather Poston: "Hey what's up??"

10:43pm - Trafficker A: "Sitting at work trying to figure out if im gonna be able to get that tonight or tomorrow"

[This affiant believes that Trafficker A is telling Poston that he is trying to determine if he will be able to obtain methamphetamine ("that") this same night or following day.]

August 10, 2019

2:29am - Heather Poston:   "Hey did u ever figure ne thing out??"

2:39am - Trafficker A:   "Be tomorrow b ready when I call you'll have to bring it to me make sure you got all 7 cause i don't have any i can put with it"

[This affiant believes that Trafficker A is telling Poston to make sure she has all $700 for the upcoming methamphetamine purchase ($700 is consistent with a one ounce methamphetamine purchase) because Trafficker A does not have any money to make up for any shortage.

2:44am - Heather Poston:   "Okay well what if I can't come up with 7 can I just get a half then cause i know I can get the 350.."

[This affiant believes that Poston is asking Trafficker A if she can just get ½ ounce of methamphetamine for $350 in case she cannot raise/collect all $700 needed for a whole ounce of methamphetamine.]

2:54am - Trafficker A:   "Idk what a ½ goes for whole is all I've seen him do"

[This affiant believes that Trafficker A is advising Poston that he has only seen his methamphetamine source of supply sell whole ounces of methamphetamine and does not know what the source would charge for a ½ ounce quantity.]

5:06pm - Trafficker A:   "I need your money waiting on to others and i can go"

5:28pm - Heather Poston:   "Hey okay... give me a few I'm still rounding up some but they r on the way here..."

[This affiant believes that Poston is telling Trafficker A that she is waiting for her methamphetamine customers to bring her the money so she can provide it to Trafficker A.]

6:32pm - Heather Poston :   "Hey what's up now??  I'm fixing to leave the house...I gotta stop one place but then I can meet u..."

6:36pm - Trafficker A:   "Gotta wait till the wife gets in"

| | | |
|---|---|---|
| 6:41pm - Heather Poston: | "But it will b tonight thou right? So I really don't need rush around then??" |
| 6:56pm - Trafficker A: | "Yep" |

September 14, 2019

| | |
|---|---|
| 7:04pm - Trafficker A: | "I'm on my way to the 29" |
| 7:17pm - Heather Poston: | "I'm leaving my house now" |
| 7:24pm - Heather Poston: | "Hey sorry I'm on river rd where u want me to meet u??" |

September 15, 2019

11:39am - Trafficker A: "I figured you'd have already had that done and needing more"

[This affiant believes that Trafficker A is telling Poston that he thought she would be done selling/re-selling the last quantity of methamphetamine he sold/provided her and would now be needing more methamphetamine from Trafficker A.]

11:40am - Heather Poston: "Well I'm almost done…prob b later on…that ok??"

[This affiant believes that Poston is telling Trafficker A that she is almost done selling the last quantity of methamphetamine she obtained from him and that she will probably be ready to obtain more methamphetamine from Trafficker A later on.]

10:11pm - Trafficker A: "You gonna have me that money tonight"

10:12pm - Heather Poston: "Even if I did how am I gonna get it to u…who knows when josh will b fucking home…we r going on almost 12 hrs now…so"

10:14pm - Heather Poston: "Do u leave out tonight??"

10:48pm - Trafficker A: "Yes I do I was hoping you'd have that 300 and be able to do another by Tuesday night I've gotta have him paid Wednesday"

> [This affiant believes that Trafficker A is telling Poston that he was hoping she would have $300 so that they could perform another methamphetamine transaction Tuesday night and that Trafficker A needs to have his methamphetamine source of supply paid by Wednesday.]

September 16, 2019

12:49am - Trafficker A: "Yeah I really need t ok get that he msg me bout 30 min ago so i know he wants to get paid and I've not gotten a penny yet"

> [This affiant believes that Trafficker A is advising Poston that his methamphetamine source of supply is going to want to be paid and Trafficker A has not received any money from Poston yet. This indicates that Trafficker A does, upon occasion, provide methamphetamine up front to Poston (just as Trafficker A's source of supply appears to do with him) with the understanding that Poston will pay Trafficker A after she collects the money from selling that same methamphetamine to her customers.]

12:53pm - Heather Poston: "Well I would have 275 if josh would come on..I asked him please don't b gone all day I needed to go to the grocery store and some more shit"

12:57pm - Trafficker A: "Ok you gotta start paying me in full I cant do the whole carry over anymore especially right now everybody does that to me and if what everybody wants t pi carry was there I might not b i the position I am anyway I'll try to find him this maybe my fault"

> [This affiant believes that Trafficker A is telling Poston that he can no longer front her methamphetamine and that she will have to start paying him in full when she receives methamphetamine from Trafficker A.]

9. A review of Heather Poston's criminal history revealed her 2014 felony convictions for possession of methamphetamine and possession of a firearm while in possession of methamphetamine and Oxycodone and her 2019 felony convictions for possession of methamphetamine, possession of a Schedule III Controlled Substance, and possession of ammunition by a felon. Poston is currently on supervised probation and has a 4th Amendment waiver while on probation.

10. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at the conspirator's residence/property.

11. Heather Poston's known residence is 3234 Walkers Creek Road, Marion, VA (located within the Western District of Virginia).

12. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 3234 Walkers Creek Road, Marion, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____   11-08-2019
Brian Snedeker, Special Agent (DEA)   Date

Subscribed and sworn to before me, this the \_\_\_\_ day of November, 2019 in Abingdon, Virginia.

Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

/s/ Roy F. Evans   11-04-2019
Roy F. Evans, SAUSA   Date